**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Michael Andrew Higgins,<br><br>　　　　　Defendant. | No. 2:11-cr-513-004-PHX-DGC<br><br>**ORDER** |

Defendant Michael Andrew Higgins has filed an opposed motion for sentence reduction based on retroactive application of Amendment 782, which reduced the base offense level for certain drug crimes. Doc. 379. Briefing is complete (Docs. 383, 386, 387), and the Court concludes that oral argument will not aid its decision. The Court will deny the motion.

A district court may reduce a defendant's sentence after a term of imprisonment has been imposed if (a) the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (b) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The parties agree that Higgins's sentence was based on the Sentencing Guidelines.[1] The parties also agree that the base offense level specified in the

---

[1] Higgins's plea agreement specified that the Court would consider the Sentencing Guidelines in determining the sentence (Doc. 263, ¶ 2(c)), and the Court did so. *See United States v. Davis*, 825 F.3d 1014, 1027 (9th Cir. 2016) (en banc) ("[W]e hold that Davis is eligible for relief under § 3582(c)(2) because the district court's 'decision to accept the plea and impose the recommended sentence' was 'based on the Guidelines.'") (quoting *Freeman v. United States*, 564 U.S. 522, 534 (2011)).

Drug Quantity Table for the relevant amount of methamphetamine (67 grams) was lowered by Amendment 782, and that this change applies retroactively. *See* U.S. Sentencing Comm'n, Guidelines Manual, Supp. App'x C, Amends. 782, 788 (2014). The parties disagree, however, on whether Higgins can benefit from this change. The Court holds that he cannot.

When Higgins was sentenced, the Drug Quantity Table provided a base offense level of 32 for 67 grams of actual methamphetamine. U.S.S.G. § 2D1.1(c)(4). Section 2D1.1(a)(5) was also relevant because it provided that a defendant with a base offense level of 32 would receive an additional two-level downward adjustment if he qualified for a minor role adjustment under § 3B1.2. Because Higgins received a minor role adjustment, his base offense level of 32 was reduced to 30 under § 2D1.1(a)(5).

If Higgins were sentenced under the guidelines as changed in Amendment 782, § 2D1.1(a)(5) would not apply. His base offense level under the revised Drug Quantity Table for 67 grams of actual methamphetamine would be 30, and § 2D1.1(a)(5) provides reductions only for base offense levels 32, 34, 36, and 38. Thus, his offense level under amended § 2D1.1 would be the same offense level he received under § 2D1.1 when he was sentenced.

Although this result appears inconsistent with the intent of Amendment 782, courts have confronted situations where retroactive application of an amended guideline provision is offset by the operation of another guideline provision. *See, e.g.*, *United States v. Owens*, 330 F. App'x 756, 758 (10th Cir. 2009) ("Under Amendment 706, Owens's Guidelines range is unchanged because the 2-level reduction in his offense level is offset by his inability to receive the § 2D1.1(a)(3)(i) minor participant reduction."). The result arises from "an unanticipated interaction" between the amended provision and another provision, *id.*, but the Court cannot rewrite the amendment or the other guideline provision. Relief "must come from the Sentencing Commission or Congress." *Owens*, 330 F. App'x at 758.

1    Higgins also argues that he entered into a plea agreement in a different, but related
2 case – No. 2:11-cr-480-GMS, hereinafter the "GMS case" – which provided that any
3 sentence imposed in that case would run concurrently with the sentence imposed in this
4 case. The court in the GMS case accepted the plea agreement and imposed a sentence to
5 run concurrently with the sentence in this case. Higgins represents that he is eligible for a
6 sentence reduction in the GMS case under Amendment 782. He also represents that the
7 reduction will result in a shorter sentence in the GMS case than in this case. Higgins
8 argues that because the parties intended the sentences to run "concurrently," the sentence
9 in this case must be reduced to ensure that it is no longer than the revised sentence in the
10 GMS case.

11   This argument lacks merit. Sentences do not have to be the same length to run
12 concurrently. *See, e.g.*, *United States v. Aguilar-Canche*, No. 15-30209, 2016 WL
13 4501687 (9th Cir. Aug. 29, 2016) (sentence of 20 months should run concurrently with
14 sentence of 60 months). The parties' agreement that the GMS sentence would run
15 concurrently with the sentence in this case was not an agreement that the sentences would
16 be the same length. Even if the parties intended to reach that result, they could not,
17 through a plea agreement in the GMS case, change the sentence in this case.

18   What is more, courts cannot modify a term of imprisonment once it has been
19 imposed unless there is an applicable statutory exception. 18 U.S.C. § 3582(c). None of
20 the statutory exceptions authorize the Court to reduce Higgins' sentence based on a
21 sentence reduction or plea agreement in the GMS case.

22   **IT IS ORDERED** that Defendant's motion for sentence reduction (Doc. 379) is
23 **denied.**

24   Dated this 9th day of September, 2016.

_____
David G. Campbell
United States District Judge